UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re : Jacob Allen Siefert,

CASE NO.:23-40403-KKS
Chapter 13

Debtor.

_____/

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the Order and Notice of Hearing on Confirmation and Fixing Time to File Objections, Amended Order and Notice of Hearing on Confirmation and Fixing Time to File Objections and First Amended Plan was served on the following in the manner stated below:

1. **Served by the Court via Notice of Electronic Filing (NEF):** I have confirmed that the foregoing document was served by the Court via NEF on March 3, 2024, to the following person(s) at the email address(es) noted herein:

    Leigh A. Duncan
    ldhdock@earthlink.net , ldhtre@earthlink.net ; ldhadmin@earthlink.net

    United States Trustee
    USTPRegion21.TL.ECF@usdoj.gov

    Reka Beane on behalf of Creditor LoanDepot.com, LLC
    Reka.Beane@mccalla.com, mccallaecf@ecf.courtdrive.com

    Toni Townsend on behalf of Creditor LoanDepot.com, LLC
    toni.townsend@mccalla.com, mccallaecf@ecf.courtdrive.com

2. **Served by U.S. Mail:** The foregoing document was served by first class, postage prepaid, U.S. Mail on March 3, 2024, to:

    Mailing matrix

    /s/ India Footman
    India Footman, Esq.
    *Attorney for Debtor*

FORM oncnf13 (Rev. 10/20)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Florida
### Tallahassee Division

In Re: Jacob Allen Siefert  
SSN/ITIN: xxx-xx-3315  
Debtor

Bankruptcy Case No.: 23-40403-KKS

Chapter: 13  
Judge: Karen K. Specie

## Order and Notice of Hearing
## on Confirmation and Fixing Time to File Objections

To All Creditors and Parties in Interest:

Please take notice that the debtor(s) has/have filed a Chapter 13 Plan or an Amended Plan.

**IT IS ORDERED AND NOTICE GIVEN** that:

A hearing to consider confirmation of the debtor(s) proposed Chapter 13 Plan will be held on **March 13, 2024, at 09:30 AM,** *Eastern Time,* **at U.S. Bankruptcy Courthouse, 110 E. Park Avenue, 2nd Floor Courtroom, Tallahassee, FL 32301**. Parties may appear at the following alternate location: via Zoom (See FLNB Zoom video and telephone instructions at www.flnb.uscourts.gov/zoom).

Written objections to confirmation must be filed with the Court on or before March 6, 2024 at U.S. Bankruptcy Court, 110 E. Park Ave., Ste. 100, Tallahassee, FL 32301. A copy of the objection shall also be furnished to:

| | | |
|---|---|---|
| **Chapter 13 Trustee**<br>Leigh A. Duncan<br>Leigh A. Duncan<br>Post Office Box 646<br>Tallahassee, FL 32302 | as well as | **Debtor's Attorney**<br>India Footman<br>Footman Law Firm, P.A.<br>1345 Cross Creek Circle<br>Tallahassee, FL 32301 |

At the hearing, the Court will also hear and determine each motion, objection, and other matter filed by any party in interest that is then pending, provided that the motion, objection, or other matter was filed and served a period of time before the confirmation hearing no less than that required by the Federal Rules of Bankruptcy Procedure for notice of hearing of such a matter.

**Counsel for the debtor, if represented, is directed to serve a copy of this order together with a copy of the most recently filed plan (see Fed. R. Bankr. P. 3015(d)) to all creditors and parties in interest using a current mailing matrix from the Court's CM/ECF system, and promptly thereafter file a certificate of such service.** If the debtor is not represented by counsel, or if the debtor is represented *pro bono*, the Court will serve the Order and Plan in accordance with applicable Rules.

**DONE AND ORDERED** January 22, 2024.

/s/ Karen K. Specie  
Karen K. Specie  
U.S. Bankruptcy Judge

FORM oncnf13 (Rev. 10/20)

# UNITED STATES BANKRUPTCY COURT
Northern District of Florida
Tallahassee Division

In Re: Jacob Allen Siefert
SSN/ITIN: xxx–xx–3315
Debtor

Bankruptcy Case No.: 23–40403–KKS

Chapter: 13
Judge: Karen K. Specie

## Amended Order and Notice of Hearing
## on Confirmation and Fixing Time to File Objections

To All Creditors and Parties in Interest:

Please take notice that the debtor(s) has/have filed a Chapter 13 Plan or an Amended Plan.

**IT IS ORDERED AND NOTICE GIVEN** that:

A hearing to consider confirmation of the debtor(s) proposed Chapter 13 Plan will be held on **March 13, 2024, at 09:00 AM,** *Central Time*, **at 100 N. Palafox Street, Courtroom 1, Pensacola, FL 32502**. Parties may appear at the following alternate location: via Zoom (See FLNB Zoom video and telephone instructions at www.flnb.uscourts.gov/zoom).

Written objections to confirmation must be filed with the Court on or before March 6, 2024 at U.S. Bankruptcy Court, 110 E. Park Ave., Ste. 100, Tallahassee, FL 32301. A copy of the objection shall also be furnished to:

| ***Chapter 13 Trustee*** | as well as | ***Debtor's Attorney*** |
|---|---|---|
| Leigh A. Duncan | | India Footman |
| Leigh A. Duncan | | Footman Law Firm, P.A. |
| Post Office Box 646 | | 1345 Cross Creek Circle |
| Tallahassee, FL 32302 | | Tallahassee, FL 32301 |

At the hearing, the Court will also hear and determine each motion, objection, and other matter filed by any party in interest that is then pending, provided that the motion, objection, or other matter was filed and served a period of time before the confirmation hearing no less than that required by the Federal Rules of Bankruptcy Procedure for notice of hearing of such a matter.

**Counsel for the debtor, if represented, is directed to serve a copy of this order together with a copy of the most recently filed plan (see Fed. R. Bankr. P. 3015(d)) to all creditors and parties in interest using a current mailing matrix from the Court's CM/ECF system, and promptly thereafter file a certificate of such service.** If the debtor is not represented by counsel, or if the debtor is represented *pro bono*, the Court will serve the Order and Plan in accordance with applicable Rules.

**DONE AND ORDERED** February 5, 2024.

/s/ Karen K. Specie
Karen K. Specie
U.S. Bankruptcy Judge

**REASON AMENDED:** Time/Time Zone and Location of Hearing Amended.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-4<br>Case 23-40403-KKS<br>Northern District of Florida<br>Tallahassee<br>Sun Mar  3 17:02:00 EST 2024 | Florida Dept. of Labor/Employment Security<br>c/o Florida Dept. of Revenue<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| LoanDepot.com, LLC<br>c/o Reka Beane<br>225 E ROBINSON ST STE 155<br>Orlando, FL 32801-4326 | Jacob Allen Siefert<br>1161 Ocala Road<br>Tallahassee, FL 32304-1660 | (p)UNITED STATES ATTORNEY'S OFFICE<br>111 NORTH ADAMS STREET<br>4TH FLOOR<br>TALLAHASSEE FL 32301-7730 |
| U.S. Securities & Exchange Commission<br>Atlanta Reg Office and Reorg<br>950 E Paces Ferry Rd NE<br>Ste. 900<br>Atlanta, GA 30326-1382 | (p)CITIZENS BANK N A<br>ATTN BANKRUPTCY TEAM<br>ONE CITIZENS BANK WAY<br>JCA115<br>JOHNSTON RI 02919-1922 | City of Tallahassee Utilities<br>435N Macomb Street #116<br>Tallahassee, FL 32301-1051 |
| Dfas-de<br>Dfas-de/fydb<br>Denver, CO 80279 | Discover Bank<br>P.O. Box 3025<br>New Albany OH 43054-3025 | Discover Financial<br>Attn: Bankruptcy<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| Doris Maloy, Leon County Tax Collector<br>Attn: Tia Stanley<br>P.O. Box 1835<br>Tallahassee, FL 32302-1835 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Loan Depot<br>Attn: Bankruptcy<br>4800N Scottsdale Rd, Ste 1400<br>Scottsdale, AZ 85251-7632 |
| LoanDepot<br>Attn: Bankruptcy<br>26642 Towne Center<br>Foothill Ranch, CA 92610-2808 | USAA Saving Bank<br>10750 Mc Dermott Fwy.<br>San Antonio, TX 78288-1600 | loanDepot.com, LLC<br>Bankruptcy Department<br>5465 Legacy Drive, Suite 400<br>Plano, TX 75024-3192 |
| United States Trustee +<br>110 E. Park Avenue<br> Suite 128<br>Tallahassee, FL 32301-7728 | (p)LEIGH A  DUNCAN<br>ATTN CHAPTER 13 BANKRUPTCY TRUSTEE<br>P O BOX 646<br>TALLAHASSEE FL 32302-0646 | Merrick B. Garland +<br>Office of the Attorney General<br>Main Justice Bldg., Rm. 511<br>Tenth & Constitution<br>Washington, DC 20530-0001 |
| Secretary of the Treasury +<br>U.S. Treasury Department<br>15th & Pennsylvania Ave.<br>Washington, DC 20220-0001 | Reka Beane +<br>Mccalla Raymer Leibert Pierce, LLC<br>225 E ROBINSON ST STE 155<br>Orlando, FL 32801-4326 | India Footman +<br>Footman Law Firm, P.A.<br>1345 Cross Creek Circle<br>Tallahassee, FL 32301-3729 |
| Toni Townsend +<br>McCalla Raymer Pierce, LLC<br>1 N. Dearborn<br>Suite 1300<br>Chicago, IL 60602-4321 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| U.S. Attorney (Tallahassee Office)<br>111 N. Adams Street<br>Fourth Floor<br>Tallahassee, FL 32301 | Citizens One<br>Attn: Bankruptcy<br>One Citizens Plaza<br>Providence, RI 02903 | Leigh A. Duncan +<br>Leigh A. Duncan<br>Post Office Box 646<br>Tallahassee, FL 32302 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)LoanDepot.com, LLC | (d)Internal Revenue Service +<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | End of Label Matrix<br>Mailable recipients    24<br>Bypassed recipients     2<br>Total                  26 |

FLNB LF 13-21 (Rev. 12/17)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

In re:  
**Jacob Allen Siefert**

Case No. 23-40403-KKS  
Chapter 13

☑ Check if this is an AMENDED PLAN [0]

_____ Debtor(s)[1]

### FIRST AMENDED CHAPTER 13 PLAN

#### PART 1: NOTICES

*To Creditors:* *Your rights may be affected by this plan.*

You should read this plan and other documents sent to you carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation prior to the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. **The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.** *Creditors who are not individuals (i.e.: corporations, LLC's, etc.) must have an attorney in order to have their objections considered by the Court.* **Creditors must file a timely proof of claim in order to be paid under any plan.**

*To debtor: You must check one box on each line to state if the plan includes the following items. If an item is checked as "Not included," or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included<br>☑ Not Included |
| --- | --- | --- |
| 1.2 | Debtor intends to avoid a judicial lien or security interest; see § 3.4. | ☐ Included<br>☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included<br>☐ Not Included |

#### PART 2: PLAN PAYMENTS AND PLAN LENGTH

2.1 **Payments to the Trustee:** The future earnings or other future income of the debtor are submitted to the supervision and control of the trustee. The debtor (or the debtor's employer) shall pay to the trustee the sum of **$1,675.00** per month for months 1 - 36, then $1,984.00 per month for months 37 - 60.

**Total base of plan payments: $107,916.00**.

**Payments shall be mailed to the Chapter 13 Trustee at:**  
Leigh A. Duncan, Chapter 13 Trustee, Lock Box 2238, Memphis, TN 38101-2238

**Plan Length:** The term of the plan is **60** months.

2.2 **Tax Refunds:** Debtor will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term, **unless otherwise provided in Part 8**.

2.3 **Additional Payments** (check one):

☑ None

#### PART 3: TREATMENT OF SECURED CLAIMS

Unless otherwise ordered by the Court, the claim amount(s), including the value of a secured claim, stated on a timely filed proof of claim will control over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

3.1 **Secured Debts Which Will Extend Beyond the Length of the Plan**

☐ None

---

[1] *All references to "debtor" shall include both debtors in a joint case.*

APPENDIX D                              Chapter 13 Plan                              Page 1

☑ To be disbursed by the trustee during the plan:

| Name | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| LoanDepot | 285,172.56 | 1,455.00 | contract rate |

*Interest is included in the monthly mortgage payment

Debtor is seeking a mortgage modification pursuant to the court ordered Mortgage Modification Mediation program to cure the arrears.

### 3.2 Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) **Secured Claims Subject to Valuation Under 11 U.S.C. § 506.**

☑ None

(b) **Secured Claims Not Subject to Valuation Under 11 U.S.C. § 506.**

☑ None

(c) **Determination of Secured Status and Strip Lien (11 U.S.C § 506).**

☑ None

### 3.3 Prepetition Defaults

☐ None

☑ Prepetition defaults owed to the following creditor(s) will be cured over the plan term, and payment of arrearages under this plan shall conclusively constitute payment of all pre-petition arrearages:

| Name | Amount of Default Cured | Interest Rate (if specified) |
|---|---|---|
| LoanDepot | to be cured in mortgage modification | 0.00% |

### 3.4 Motions to Avoid Lien

☑ None

### 3.5 Direct Payments to Creditors:

☐ None

☑ The debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (if specified) |
|---|---|---|---|
| Doris Maloy - Leon County Tax Collector | 4,640.92 | included with mortgage escrow | statutory rate |

Upon entry of the Order Confirming Plan, the automatic stay shall be terminated as to the *in rem* rights of the creditors whose secured claims are being paid direct by the debtor in § 3.5, above.

### 3.6 Property to be Surrendered

☑ None

**PART 4: TREATMENT OF TRUSTEE'S FEES, ATTORNEYS' FEES**

2

AND OTHER PRIORITY CLAIMS, INCLUDING DOMESTIC SUPPORT OBLIGATIONS

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4(c), will be paid in full without post-petition interest.

**4.1 Trustee's Fee:** Trustee's fees are governed by statute and will be paid through the plan. Trustee's fees may change during the course of the case.

**4.2 Attorney's Fee** (unpaid portion): $ **3,500.00** (fees) $ **300.00** (costs). Plus $2,000.00 for mortgage modification.
Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order(s) of this Court, the debtor shall file all required annual statements. Debtor's attorney may seek additional fees for filing required annual statements; if the plan is modified due to an increase in income shown on an annual statement, the debtor's attorney may seek additional fees for the plan modification. No advanced notice or opportunity to object to these fee applications will be given.

**4.3 Filing Fee** (unpaid portion): Any unpaid portion of the filing fee will be paid in accordance with the order granting the debtor's application to pay the filing fee in installments.

**4.4 Domestic Support Obligations**

☑ Debtor has no Domestic Support Obligations

**4.5 Other Priority Claims**

☐ None

| Name | Amount of Claim | Interest Rate (if specified) |
|---|---|---|
| Internal Revenue Service | 1,510.03 | 0.00% |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

**5.1 General Nonpriority Unsecured Claims**
Allowed nonpriority unsecured claims that are not separately classified in Part 5.2 will be paid, *pro rata*. If more than one option is checked, the option providing the largest payment will be effective.
*Check all that apply*

☑ A total of **$1,375.00**.
☐ ___% of the total amount of these claims, an estimated payment of $___.
☑ Funds remaining after disbursements have been made to all other creditors provided for in this plan. Allowed nonpriority unsecured claims shall be paid interest to the extent available, not to exceed 6%, unless otherwise provided in Part 8.

**5.2 Separately Classified Nonpriority Unsecured Claims**

☑ None. *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The executory contracts and unexpired leases listed below are assumed. All other executory contracts and unexpired leases are rejected. Check one.

☑ None. *If "None" is checked, the rest of Part 5.2 need not be completed or reproduced.*

## PART 7: STANDARD PLAN PROVISIONS

7.1 Title to the debtor's property shall re-vest in debtor on confirmation of a plan or dismissal of the case, unless otherwise provided in Part 8, provided that proceeds from any potential or pending cause of action or other asset not yet liquidated, are property of the Estate and must be paid to the Chapter 13 Trustee pending further order of the Court.

7.2 Except as provided above, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

3

7.3 Secured creditors and lessors to be paid directly by the debtor and/or co-debtors may continue to mail to debtor the customary monthly notices or coupons notwithstanding the automatic stay.

## PART 8: NONSTANDARD PLAN PROVISIONS

☐ None

☑ Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box labeled "Included" in Part 1.3.*

Mortgage payments will change in accordance with Notice(s) of Mortgage Payment Change as filed.

The attorney's fees shall be paid in full upon confirmation only if the Trustee has the funds on hand to ensure the regular monthly mortgage payment is paid pursuant to the Plan.

## PART 9: SIGNATURES OF DEBTOR AND DEBTOR'S ATTORNEY

If the debtor does not have an attorney, the debtor must sign below; otherwise, the debtor's signature is optional. The attorney for the debtor, if any, must sign below.

X  **/s/ Jacob Allen Siefert**
**Jacob Allen Siefert**
Signature of Debtor 1

X  _____
Signature of Debtor 2

**/s/ India Footman, Esq.**
Signature of Attorney for Debtor
Attorney Name: **India Footman, Esq. 105905**
Bar Number: **105905 FL**
Address: **1345 Cross Creek Circle**
**Tallahassee, FL 32301**
Telephone No.: **850-597-7396**
Email Address: **indiafootman@footmanlaw.com**

Date **March 3, 2024**

**By filing this document, the debtor, if not represented by an attorney, or the attorney for the debtor, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Official Form adopted by this Court effective on the date of signing, other than any nonstandard provisions included in Part 8.** (www.flnb.uscourts.gov/sites/default/files/forms/lf13_21.pdf)