UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In Re : Jacob Allen Siefert,

CASE NO.: 23-40403-KKS
Chapter 13

Debtor.

_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Order Granting Motion For Referral To Mortgage Modification Mediation was served on the following in the manner stated below:

1. **Served by the Court via Notice of Electronic Filing (NEF):** I have confirmed that the foregoing document was served by the Court via NEF on March 25, 2024, to the following person(s) at the email address(es) noted herein:

    Reka Beane on behalf of Creditor LoanDepot.com, LLC
    Reka.Beane@mccalla.com, mccallaecf@ecf.courtdrive.com

    Leigh A. Duncan
    ldhdock@earthlink.net, ldhtre@earthlink.net;ldhadmin@earthlink.net

    Toni Townsend on behalf of Creditor LoanDepot.com, LLC
    toni.townsend@mccalla.com, mccallaecf@ecf.courtdrive.com

    United States Trustee
    USTPRegion21.TL.ECF@usdoj.gov

2. **Served by U.S. Mail:** The foregoing document was served by first class, postage prepaid, U.S. Mail on March 25, 2024, to:

loanDepot.com, LLC
5465 Legacy Drive, Suite 400
Plano, TX 75024

/s/ India Footman
India Footman, Esq.
*Attorney for Debtor*

FORM orrmmm (01/20)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Tallahassee Division

In Re: Jacob Allen Siefert
SSN/ITIN: xxx-xx-3315
Debtor

Bankruptcy Case No.: 23-40403-KKS

Chapter: 13
Judge: Karen K. Specie

### *ORDER GRANTING MOTION FOR REFERRAL TO MORTGAGE MODIFICATION MEDIATION*

This case came on for consideration of the Motion for Referral to Mortgage Modification Mediation (Doc. No. 37 ). Pursuant to the *Amended Administrative Order No. 15-001 Prescribing Procedures for Mortgage Modification Mediation (effective 10/1/15)*, it is

ORDERED:

1. The Motion is GRANTED.

2. The property address is 1161 Ocala Road, Tallahassee, FL 32304

3. The Lender's name is loanDepot.com, LLC (the "Lender").

4. The last four digits of the loan number(s) applicable to the Lender and to this proceeding are 8093.

5. Objections to Mortgage Modification Mediation ("MMM"). Lender may seek reconsideration for cause of this Order by written motion filed within 14 days after entry of this Order. If a timely motion for reconsideration is filed, the Court will set a hearing, and all deadlines in this Order are suspended pending resolution of the motion.

6. Selection of Mediator. Parties shall have 14 days after entry of this Order to jointly select a Mediator qualified pursuant to *Amended Standing Order No. 20: Guidelines and Procedures for Mortgage Modification Mediators*. If the parties cannot timely agree on a Mediator, the Debtor will select the Mediator, and the Lender may file an objection within seven (7) days. If a timely objection to a Mediator is filed, the Chapter 12 or 13 Trustee or the Clerk in a Chapter 7 or 11 case will appoint the Mediator from the Approved Mediator Registry on a random, rotating basis. If the Debtor is not represented, the Court may select a Mediator.

7. Mediator Fees. Debtor and Lender each shall pay $250 directly to the Mediator within seven (7) days of designating the Mediator. Parties also shall equally pay the Mediator for any additional hourly fees incurred from MMM conferences that extend beyond two (2) one-hour sessions.

8. MMM Portal. Unless otherwise ordered, parties must use the secure Portal (the "Portal") below, or any other Portal that may be approved from time to time, for the submission of all documents related to the MMM process:

    a. Default Mitigation Management, LLC ("DMM") (https://www.dclmwp.com/Home). Optional document preparation software for the DMM Portal is available through docUmods™; a fee-for-service online program (https://www.documods.com/Documods/Site). Debtors choosing to use docUmods™ will pay the required user fee directly to the vendor.

    The Debtor will clearly identify which Portal provider the Debtor will be using for the MMM. Any Lender ordered to participate in the MMM process shall register and post on the Portal specified by the Debtor those documents required by that Lender for the mediation to proceed, and designate its single point of contact and outside legal counsel, if any, within seven (7) days after entry of this Order. If the Lender fails to register and is represented by counsel in this case, the Debtor may file a motion with the Court seeking sanctions for Lender's failure to post the needed information on the Portal. The parties may communicate outside the Portal orally, but all written communication relating to the MMM process shall occur through the Portal. Any litigated matters incidental to the mediation are considered separate matters, and parties are not required to use the Portal for these separate matters.

9. Identification of Mediators. Debtor shall identify the Mediator on the Portal within seven (7) days of the Mediator's selection.

10. Submission of Documents on Portal. No later than seven (7) days after identifying the Mediator on the Portal or confirming that the Lender is registered on the Portal, whichever occurs later, the Debtor shall:

    a. Pay the applicable Portal fee(s);

    b. upload a copy of this Order to the Portal; and

    c. submit all documents and financial information requested by the Lender to the Portal.

    Within 14 days thereafter, the Lender shall acknowledge receipt of the Debtor's information and advise the Debtor of any additional or missing information needed by the Lender to proceed with its review. Debtor must supply any missing or additional information to the Lender via the Portal within seven (7) days from the time of the Lender's request.

11. Scheduling Mediation. Within 14 days of the selection of the Mediator, the Mediator shall work diligently with the parties to coordinate a mutually convenient date, time, and place of the mediation. All parties must attend and continuously participate in all mediation sessions.

12. Conclusion of Mediation within 150 days. Parties will conclude the MMM process within 150 days of the filing or conversion of the case, unless that time is enlarged by written consent on the Portal, by stipulation of the parties, or by Court order.

13. Settlement Authority. All parties in attendance at mediation must have full settlement authority (within investor guidelines) and will attend and continuously participate in all scheduled mediation sessions.

14. <u>Video or Telephonic Attendance</u>. Parties may participate in mediation sessions by telephone or video with the Mediator's approval. Debtor shall provide a foreign language interpreter, if necessary, at the Debtor's expense. All parties not physically present must be ready, willing, and able to sign a binding settlement agreement by facsimile, email, or other electronic means at the time of mediation.

15. <u>Lender Obligations</u>. Lender shall timely underwrite the loan modification request. If the Lender transfers the loan, the Lender must provide a copy of this Order to the Successor Lender, who is obligated to comply with all terms of this Order and is bound by all agreements, whether interim or final.

16. <u>Mediator Obligations</u>. The Mediator shall:

   a. Be governed by the standards of professional conduct set forth in the Florida rules for certified and court-appointed mediators and shall have judicial immunity in the same manner and the same extent as a judge;

   b. Receive compensation in the amount of $250.00 each from the Debtor and the Lender within seven (7) days of the designation of the Mediator for preparation for the mediation, execution of required documents, facilitation of document and information exchange between the parties, and participation in no more than two (2) one-hour conferences;

   c. Receive compensation equally from the parties at an agreed hourly rate for any MMM conferences that extend beyond two (2) one-hour conferences;

   d. Login to the MMM Portal within seven (7) days after designation and use the Portal to facilitate the exchange of information of additional documentation between the Parties in an effort to perfect the documents needed for Lender to complete its review;

   e. Report on the Portal the scheduling of all mediation sessions and maintain a log of attendees at each session;

   f. If a required party is not present, the Mediator shall report the non-appearance of that party on the written roll;

   g. If the Mediator determines that the Lender's representative present does not have full authority to settle, the Mediator shall report that the Lender's representative did not appear on the written roll as a representative with full settlement authority as required by this Order; and

   h. File with the Court a report within seven (7) days after each mediation conference indicating the current status of the mediation. Parties are directed to promptly seek any necessary court approval for the mortgage modification and to formalize the modification in any needed legal documents. If a Mediator fails to comply with this reporting requirement, upon motion, notice, and hearing, the Court may order a Mediator to disgorge mediation fees and the Mediator's removal from the Approved Mediator Registry.

17. <u>Privileged Communications</u>. All oral or written statements made by the parties, attorneys, and other participants at or associated with the mediation are privileged and confidential except that the log of attendees maintained by the Mediator is not confidential. All confidential statements shall not be reported, recorded, placed into evidence, made known to the Court, or construed for any purposes as an admission. No party shall be bound by any statement made or action taken at the mediation conference unless an agreement is reached.

18. <u>Written Roll</u>. The written roll and communication of authority of the mediation is not a mediation communication. If a mediation does not occur because a party fails to attend or the creditor(s)' representative lacks settlement authority, the Court may order the non-attending party to physically appear at all future scheduled mediations, tax costs of another mediation to the non-attending party, or impose other sanctions as the Court deems appropriate, including entering an Order Granting the Modification of the Mortgage substantially complying with the HAMP guidelines or awarding attorney's fees and costs to the opposing party.

19. <u>Stay Modified to Allow Loan Modification</u>. The automatic stay is modified, to the extent necessary, to facilitate the MMM process. Participation in mediation conducted pursuant to this Order does not preclude participation in state court foreclosure mediation.

20. <u>Pending Motions for Stay Relief</u>. Any pending motion for stay relief with respect to property that is subject to MMM shall be continued until such time as the MMM has been concluded; the pendency of MMM constitutes good cause and compelling circumstances under 11 U.S.C. § 362(e) to delay entry of any final decision on a pending request for stay relief. Any lender seeking relief prior to the conclusion of the MMM must file a motion requesting a hearing, setting forth the reasons why relief must be considered prior to conclusion of the MMM. No motion for stay relief with respect to the property subject to the MMM may be filed on an *ex parte* basis.

21. <u>Confirmation of a Plan of Reorganization Pending MMM</u>. In Chapter 11, 12, and 13 cases, the Court may confirm a plan of reorganization subject to pending MMM.

22. <u>Adequate Protection Payments in Chapter 12 and 13 Cases</u>. In all cases, a Debtor seeking MMM shall provide adequate protection to the Lender. Unless otherwise ordered by the Court: (1) for homestead properties, the Debtor shall pay the lesser of (a) 31% of Debtor's gross disposable income (after deducting homeowner association fees), or (b) the normal monthly contractual mortgage payment; (2) for non-homestead income producing property, the Debtor shall pay 75% of the gross rental income generated by the property. In Chapter 12 and 13 cases, Debtor shall make the adequate protection payments to the Chapter 12 or 13 Trustee, who shall hold the funds pending either further order of the Court, a Notice of Adequate Protection filed by the Debtor, or a joint stipulation of the parties as to distribution. In all other Chapters, Debtor shall make the adequate protection payments directly to the Lender with no requirement for Court approval or modification of the automatic stay.

23. <u>Attorney Fees</u>. In the event the parties reach a final resolution or, if no agreement has been reached, the attorney for Debtors shall be permitted to charge an attorney's fee not to exceed $2,500.00, and costs not to exceed $100.00 for MMM, or such other amounts as may be set forth any Administrative Order on attorneys' fees in effect upon conclusion of MMM, subject to the compensation requirements for the chapter under which the case is filed. The MMM attorney's fee shall include:

> a. filing of the Motion;
>
> b. preparation of all forms and providing all information required for mediation;
>
> c. filing of other required pleadings and preparation of proposed orders and settlement papers, as applicable;
>
> d. communicating with the Lender and the Mediator, via the Portal and otherwise as appropriate;
>
> e. attendance at all MMM conferences and Court hearings;

    f. review of all modified loan documents; and

    g. preparation of trial and final MMM motions and orders.

24. <u>Distribution of Payments Made During the MMM Process</u>. Unless parties agree in writing to the contrary, MMM payments made during the MMM process will be applied in accordance with the applicable loan documents and non-bankruptcy law.

25. <u>Conclusion of the MMM Process</u>. MMM is deemed concluded upon the earliest of: (a) the filing of a final report by the Mediator; (b) an order approving a permanent mortgage modification; or (c) other order of the Court indicating that the MMM is concluded. Upon conclusion of the MMM in a Chapter 12 or 13 case, any payments not yet disbursed to the Lender by the Chapter 12 or 13 Trustee shall be disbursed:

    a. if MMM resulted in a permanent mortgage modification agreement, which may include the Lender's decision to decline receipt of additional funds, then as specifically agreed to by the Debtor and the Lender.

    b. if MMM did not result in a permanent mortgage modification agreement, then:

        1) to the Lender to be applied in accordance with the trial modification agreement, if any; otherwise in accordance with the applicable loan documents and non-bankruptcy law, or

        2) if the Lender affirmatively rejects the undisbursed funds, as provided by the Chapter 12 or 13 Plan or Confirmation Order.

26. <u>Effect of Dismissal or Conversion on Payments to Lenders</u>. Notwithstanding the foregoing, if a Chapter 12 or 13 case is dismissed or converted to a Chapter 7 or 11 case, the Chapter 12 or 13 Trustee shall disburse any funds remaining in the Trustee's possession to the Debtor; if the Debtor is represented by an attorney, the Trustee shall mail the funds to the Debtor in care of the Debtor's attorney.

27. <u>Failure to Reach a Settlement</u>. If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, in a Chapter 12 or 13 case the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; (b) provide that the real property will be "treated outside the plan"; or (c) provide that the real property will be surrendered. If the property is surrendered or "treated outside the plan," the Lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property using the Court's Negative Notice procedures.

28. <u>Other Matters</u>. The referral of a matter to MMM does not relieve the parties from complying with any other court orders, applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Administrative Orders, or Local Rules. Entry of an Order authorizing MMM shall not stay the Debtor's bankruptcy case. If the Debtor's case is otherwise in a posture for administrative closing, the case shall remain open during the pendency of MMM, unless otherwise ordered by the Court. The Clerk may enter a discharge in the ordinary course of a case unless entry of the discharge is delayed pursuant to a motion made by the Debtor or the Lender and an order of the Court.

29. Abatement of Payment Changes and Deferral of 3002.1 Notices. All changes to the regular contractual mortgage payments are abated and all notices required by Bankruptcy Rule 3002.1(b) and (c) are deferred pending the conclusion of the MMM process, including during any trial payment period.

30. Good Faith Requirement. All parties are directed to comply with this Order and to engage in the MMM process in good faith. Failure to do so may result in the imposition of damages and sanctions.

31. Extension of Deadlines. Any of the deadlines imposed by this Order may be extended by order of the Court.

32. Parties Directed to Comply. If any parties or their counsel fail to comply with the terms of this Order, the Court will consider a motion to vacate this Order and also may impose sanctions.

***DONE AND ORDERED*** on March 25, 2024.

/s/ Karen K. Specie
Karen K. Specie
U.S. Bankruptcy Judge

**SERVICE:** Movant's attorney or Movant (if self-represented) is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.

*\*All references to "Debtor" shall include and refer to both Debtors in a case filed jointly by two individuals.*