**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:                                                           CASE NO. 23-40403-KKS
                                                                 CHAPTER 13

JACOB ALLEN SIEFERT

_____Debtor_____/

## CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three (3) days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL 32301, and serve a copy on the Chapter 13 Trustee, Leigh A. Duncan, at Post Office Box 646, Tallahassee, FL 32302, and any other appropriate person within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

**COMES NOW,** LEIGH A. DUNCAN, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby files this Motion to Dismiss, and in support thereof states as follows:

1. The Debtor(s) filed this Chapter 13 case on October 13, 2023.
2. The Debtor(s) filed this case on October 13, 2023. The Debtor's Plan (ECF No. 2) filed on October 13, 2023 did not address any real property. On October 20, 2023, the Debtor(s) filed a second Chapter 13 Plan (ECF No. 15) which addressed the claim of LoanDepot which is the lender on the property at 1504 Sharon Road, On December 1, 2023, the Trustee filed an Objection to Confirmation (ECF No. 23). The Objection listed a number of issues. First, the Objection addressed the Debtor(s)' disclosure of his real property. The Debtor(s)' Schedule A discloses one piece of real property located at 1161 Ocala Road, Tallahassee, Florida. The property is not claimed as homestead in the Leon County, Florida records. The Leon County Property Appraiser's site lists the owner of this townhouse as Christina Culver, and the value is inconsistent with the Debtor(s)' valuation. However, in the Official Records of Leon County, Florida at O.R. Book 5400, Page 296, a deed is recorded on January 8, 2020, for the property located at 1504 Sharon Road, Tallahassee, Florida,

with the Grantees being Jacob Siefert and Amina Kamau, husband and wife. The property is not claimed as homestead, and the internet lists this property as rental property. In addition, the Debtor(s) listed his address as 9217 Hampton Glen Court, Tallahassee, Florida. The Debtor(s) is acting in bad faith by failing to list this property and the rental income. The rental income is not listed on the tax returns of the Debtor. The Trustee has not received a copy of the Lease Agreement on this property. The Debtor(s) has not amended the Schedules or provided any documents regarding the Debtor(s)' real property.

3. The Debtor(s) then filed a Motion for Mortgage Mediation (ECF No. 37) on March 3, 2024 for the 1161 Ocala Road property with Loan Depot (ECF No. 37) and the Order was vacated when a Motion to Vacate the Order (ECF No. 45) was filed by LoanDepot.com L.L.C. stating that its lien was on the real property at 1504 Sharon Road, Tallahassee, Florida.

4. The Trustee filed an Objection to Confirmation of First Amended Chapter 13 Plan (ECF No. 43) on May 15, 2024 again addressing the ownership of the properties at 1161 Ocala Road, the 1504 Sharon Road property, and the Debtor(s) listing his address as 9217 Hampton Glen Court, Tallahassee, Florida on the Leon County, Florida state court

records.

5. The Debtor(s)' income on his schedules is inconsistent with the income of his tax returns. Further, records of the State of Florida Secretary of State list the Debtor as a Board Member of Courtroom Accountability Project Inc. The Trustee has not been provided copies of the tax returns for this corporation, details on income the Debtor(s) receives from this company, or any bills the company pays for the Debtor.

6. It is unclear if the Debtor(s) has invested funds in the real property located at 4227 Dacca Drive, Houston, Texas.

7. The records of the State of Florida Department of Agriculture and Consumer Services lists an active private investigator license (License No. CC3100281) for the Debtor.

8. The Debtor(s) has failed to file the required certifications on domestic support obligation(s) and filing of tax returns.

9. The Debtor(s) has failed to provide a copy of the 2023 United States Income Tax Return, or valid extension, and any applicable refund, to the Chapter 13 Trustee.

10. There is a discrepancy between the gross wages disclosed on Schedule I ($5,083.33) and the gross wages reflected on the pay stubs for the

non-filing spouse ($5,416.66), providing an additional $333.33 per month.

11. Schedule I appears to include rental income of $1,200.00 per month. The Trustee has not been provided with any documentation regarding this income.

12. The Trustee does not believe the following expenses are reasonable and/or necessary: Utilities $600.00 (without documentation); Transportation/Auto Insurance $650.00; and Pet Care $200.00.

13. The Debtor(s)' Schedules reflect a claim secured by a lien on the Debtor(s)' residence which it appears may be paid by the Trustee. The Trustee has not been provided with copies of documents which support a perfected security interest to determine if the claimant has a perfected security interest. In addition, the Trustee has not been provided with a copy of the itemization of the pre-petition fees, costs and other charges, including any attorney's fees if applicable, which apply to this claim. If the documents, through a Proof of Claim, or in another manner are provided to the Trustee, this objection to confirmation may be resolved or rendered moot.

Sufficient cause exists to dismiss this case.

**WHEREFORE**, the Chapter 13 Trustee prays that this case be dismissed and for such other and further relief as the Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

/s/ Leigh A. Duncan
OFFICE OF THE CHAPTER 13 TRUSTEE
POST OFFICE BOX 646
TALLAHASSEE, FL  32302
ldhecf@earthlink.net
(850) 681-2734 "Telephone"
(850) 681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to:

JACOB ALLEN SIEFERT
1161 OCALA ROAD
TALLAHASSEE, FL 32304

AND

INDIA FOOTMAN
FOOTMAN LAW FIRM, P. A.
1345 CROSS CREEK CIRCLE
TALLAHASSEE, FL 32301

on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/ Leigh A. Duncan
OFFICE OF THE CHAPTER 13 TRUSTEE